UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Kimberly Leshune Jordan,<br><br>             Plaintiff,<br><br>vs.<br><br>Frank J. Bisignano, Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:25-cv-01880-MDC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF NO. 8) AND SCREENING PLAINTIFF'S COMPLAINT (ECF NO. 1-1)** |

Plaintiff Kimberly Leshune Jordan filed an Amended *Motion/Application to Proceed In Forma Pauperis* ("IFP") following the Court's denial of her prior IFP application.[1] *ECF Nos. 7*, *8*. This is a social security appeal and plaintiff is represented by counsel. The Court **GRANTS** plaintiff's IFP application.

**I.     WHETHER PLAINTIFF CAN PROCEED IFP**

   **a.     General Legal Principles**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The Ninth Circuit has recognized that "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). An applicant need not be destitute to qualify for a waiver of costs and fees, but he must demonstrate that because of his poverty he cannot pay

---

[1] Although the Motion is framed as a "Motion to Amend" on the docket for this matter (*see* ECF No. 8), the Court interprets this Motion as an Amended IFP Application. Defendant also did not file any opposition to the Motion.

1

those costs and still provide himself with the necessities of life. *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or her poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g.*, *Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443-44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, more information is needed, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. S*ee e.g.*, *Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493981, at *3 (D. Nev. Nov. 9, 2016), report and recommendation adopted sub nom. *Greco v. Lake*, No. 2:15-cv-001370-MMD-PAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

//

### b.   Analysis

The Court denied plaintiff's prior IFP application and ordered her to file a IFP long-form application or pay the filing fee if she wanted to proceed in this matter. *ECF No. 7*. Plaintiff's original IFP was denied because plaintiff did not sufficiently outline how much she receives in Section 8 benefits and how much her friend helps pay for the monthly expenses disclosed in the original IFP application. *Id.*

The Court now finds that plaintiff now qualifies for IFP status. Plaintiff filed a long-form IFP application. *ECF No. 8*. She discloses that she receives $2,150 in Section 8 benefits and that her friend helps pay for her monthly rent, utilities, home maintenance, laundry, transportation and insurance expenses (paying a total of $1,625). *Id.* at 4-5. Plaintiff lists $297 in public assistance and the $2,150 in Section 8 benefits as her sole sources of income. *Id.* at 1-2. Thus, plaintiff uses all of her monthly income and relies on her friend's financial support to pay her listed monthly expenses. Therefore, the Court finds that plaintiff addresses the discrepancies in her prior IFP application and adequately shows she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiff may proceed with this action without paying the filing fee.

## II.   WHETHER PLAINTIFF STATES A PLAUSIBLE CLAIM

### a.   Legal Standard

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

1   In considering whether the plaintiff has stated a claim upon which relief can be granted, all material
2   allegations in the complaint are accepted as true and are to be construed in the light most favorable to the
3   plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint
4   under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing
5   its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by
6   amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

**b.   Complaint**

Plaintiff's complaint arises from an unfavorable decision by the Commissioner of Social Security Administration. *ECF No. 1-1*. Plaintiff asserts that she is disabled as that term is defined in the Social Security Act, and that she filed an application for disability insurance benefits. *Id*. The Commissioner denied the application. *Id*. She argues that the Administrative Law Judge's decision is not supported by the evidence. *Id*. Plaintiff has appealed the decision of the Commissioner to this Court. *Id*.

Plaintiff may appeal to this Court the Commissioner's denial of her application for Disability Insurance Benefits under Title II of the Social Security Act. *See* 42 U.S.C. §§ 401-433. This Court has jurisdiction over the matter. *Id*. Construing plaintiff's allegations in the light most favorable to plaintiff, the Court finds that plaintiff has asserted a claim upon which relief can be granted. *See Russell*, 621 F.2d at 1039.

//
//
//
//
//
//
//

ACCORDINGLY, and for good cause shown,

**IT IS ORDERED** that:

1. Plaintiff's *Application to Proceed in Forma Pauperis* (ECF No. 8) is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security.

2. The Clerk of the Court is directed to file the complaint (ECF No. 1-1). The complaint shall be served on the Commissioner in accordance with Rule 3 of the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g).

3. The Court accepts defendant counsel's *Notice of Appearance* (ECF No. 9) and filings (ECF Nos. 10, 11) as proper given that the IFP application has now been granted.

IT IS SO ORDERED.

DATED: December 3, 2025.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

1. Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any
2. change of address. The notification must include proof of service upon each opposing party's attorney,
3. or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may
4. result in dismissal of the action.